JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1871 PA (JEMx) | Date | March 14, 2012 |
|---|---|---|---|
| Title | Federal National Mortgage Assoc. v. Steven M. Quick, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendants Steven M. Quick and Rebecca J. Quick (collectively, "Defendants") on March 09, 2012. Plaintiff Federal National Mortgage Association's ("Plaintiff") Complaint, filed in Los Angeles County Superior Court, asserts a single cause of action for unlawful detainer. Defendants, who appear *pro se*, assert that this Court has subject matter jurisdiction on the basis of basis of federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332.

## I.   Legal Standard

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A "strong presumption" against removal jurisdiction exists. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). In seeking removal, the defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, plaintiff is generally the "master of the claim." Caterpillar, 482 U.S. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. "A case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption." Id. at 393, 107 S. Ct. at 2430, 96 L. Ed. 2d 318 (emphasis in original). The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1372 (9th Cir. 1987).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1871 PA (JEMx) | Date | March 14, 2012 |
|---|---|---|---|
| Title | Federal National Mortgage Assoc. v. Steven M. Quick, et al. | | |

    Subject matter jurisdiction based on diversity of citizenship requires all plaintiffs to have different citizenship from all defendants and that the amount in controversy exceed $75,000.  See 28 U.S.C. § 1332; Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S. Ct. 2396, 2402, 57 L. Ed. 2d 274 (1978).  To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state.  Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).  Persons are domiciled in the places they reside with the intent to remain or to which they intend to return.  See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

**II.**     **Analysis**

    **A.**     **Federal Question Jurisdiction**

    In their Notice of Removal, Defendants allege that federal question jurisdiction exists because this "is a civil action based upon the Federal Debt Collection Practices Act [(the "FDCPA")]."  (Notice of Removal at 2.)  Contrary to this claim, which Defendants do not explain, the Complaint is one for unlawful detainer.  Even were Defendants to raise a federal defense based on the FDCPA, this action would remain one brought under state law, and thus not subject to removal.  Thus, the Court lacks federal question jurisdiction over this unlawful detainer action.

    **B.**     **Diversity Jurisdiction**

    Although Defendants allege that the amount in controversy exceeds $75,000 (Notice of Removal at 3), the caption of the Complaint clearly states that the amount demanded is less than $10,000.  In unlawful detainer actions, the title to the property is not involved – only the right to possession is implicated.  Evans v. Superior Court, 67 Cal. App. 3d 162, 170 (1977).  As such, the amount in controversy is determined by the amount of damages sought in the Complaint, rather than the value of the subject real property.  Id.  Here, Plaintiff alleges in the prayer of the Complaint that she is only seeking possession of the premises, costs of suit, and past-due rent of $50 from September 27, 2011 until the date of entry of judgment, an amount that in total will not exceed $10,000.  Defendant has therefore failed to show that the amount in controversy here meets the jurisdictional minimum.

    Thus, the Court cannot exercise diversity jurisdiction over the Complaint.

### Conclusion

    In light of the foregoing, the Court lacks subject matter jurisdiction over this action.  Accordingly, this action is hereby remanded to the Los Angeles County Superior Court, Case No. 11U02744.  See 28 U.S.C. § 1447(c).

**JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1871 PA (JEMx) | Date | March 14, 2012 |
|---|---|---|---|
| Title | Federal National Mortgage Assoc. v. Steven M. Quick, et al. | | |

IT IS SO ORDERED.